# IN THE COURT OF APPEALS OF IOWA

No. 16-1613
Filed April 19, 2017

**DAVON ANTWON WRIGHT,**
    Defendant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mark Smith, Judge.

Davon Wright appeals the district court's denial of his motion in arrest of judgment. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Davon Wright appeals the denial of his motion in arrest of judgment. On March 29, 2016, Wright was driving a van with four passengers around Davenport. Two passengers stated everyone was smoking marijuana as they travelled. During the drive, the group saw a car and believed the occupants were people they did not like. Shots were fired, and Wright drove away. Shortly thereafter, police attempted to stop the van, but Wright tried to elude the officers by driving more than ninety miles per hour through Davenport. Eventually, Wright and the others exited the van, attempted to escape on foot, but were apprehended. Officers found a gun and marijuana in the van and later found two other guns on the path taken by those who had fled.

Wright entered a plea of not guilty on April 28, though the trial information was not accepted until May 5. Wright was charged with interference with official acts, in violation of Iowa Code sections 719.1(1)(f) and 703.1 (2016), eluding while participating in a felony, in violation of section 124.401, and possession of a firearm by a felon, in violation of section 724.26(1). Wright filed a memorandum of plea agreement on July 29, stating he would plead guilty to eluding while participating in a felony as a habitual offender.

Wright pled guilty on August 1. The district court explained the State would be required to prove that on March 29, 2016, Wright was in Davenport, driving a vehicle, knew a marked police car was attempting to pull him over, did not pull over, traveled more than twenty-five miles an hour over the speed limit, and was transporting marijuana. Wright claims he clearly admitted every

element except for the transportation of marijuana. When asked if he had possession of marijuana, Wright's attorney stepped in and stated, "there were a number of people in the car, and some of them were carrying marijuana, as it turns out, that was found in a search of the various persons when the car was stopped, so even though he didn't have it on his person in possession, he was transporting."

Before sentencing, Wright's attorney withdrew. Wright had sent a letter to the attorney indicating his wish to withdraw the guilty plea and claiming the attorney was ineffective. The district court approved the withdrawal and appointed new trial counsel. Wright then mailed a pro se letter to the district court asking to withdraw his plea, claiming there was new evidence of which he had not been aware. Trial counsel then filed a supplemental motion in arrest of judgment on September 9. In the supplemental motion, Wright claimed there was no factual basis for the plea, the plea was not knowing and voluntary, and original trial counsel was ineffective for allowing Wright to plead guilty. A hearing on the motion in arrest of judgment was held September 22. The district court denied the motion and sentenced Wright to a term not to exceed fifteen years in prison. Wright now appeals.

All three of Wright's claims in the supplemental motion rest on the assertion the plea lacked a factual basis. Wright claims the statements by his original trial counsel that "as it turns out" marijuana was discovered in the van and on the person of some of the passengers is not enough to establish possession. When "evaluating whether a factual basis exists to support a guilty

plea, we may examine the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea proceeding, and the presentence investigation report." *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013) (internal quotation marks omitted). By itself, the statements might not qualify as a factual basis. However, the minutes of testimony, available to the district court at the time of the plea, showed marijuana was found in the van owned by Wright and two passengers in Wright's vehicle stated Wright and the passengers were smoking marijuana in the van prior to the incident. Additionally, Wright acknowledged in the presentence investigation that people in the car had marijuana on them and he chose to run from the police due to marijuana and a firearm being in the car. We find the district court had a sufficient factual basis to accept the plea, the plea was knowing and voluntary, and Wright's trial counsel was not ineffective. Pursuant to Iowa Court Rule 21.26(1)(a) and (e), we affirm.

**AFFIRMED.**